# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0521V
Filed: August 3, 2018
UNPUBLISHED

|  |  |
|---|---|
| ERICA LINEGAR,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Ilene Clair Albala*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 13, 2017, Erica Linegar ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered injuries to her left shoulder as a result of an influenza ("flu") vaccine she received on December 11, 2015. Petition at 1, 4.  On April 24, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  (ECF No. 24).

On July 13, 2018, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 29).   Petitioner requests attorneys' fees in the amount of $17,374.60 and attorneys' costs in the amount of $1,346.73.  *Id.* at 2.  In accordance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $18,721.33.

On July 24, 2018, respondent filed a response to petitioner's motion. (ECF No. 30). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Upon review of the billing records submitted, it appears several entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 0.80 hours[3] was billed by paralegals and attorneys on tasks considered administrative including, opening and setting up client files, and paying invoices. For these reasons the undersigned will **reduce the attorney's fees request in the amount of $160.00**.[4]

The undersigned also notes that there is a duplicate billing entry dated April 27, 2018. (ECF No. 29 at 10). This entry is for 0.30 hour and is listed as "Met with handling attorney re: filing." The undersigned **reduces the request for attorney's fees by $45.00** the amount of the duplicated entry.

The full amount of attorney costs requested, $1,346.73, is awarded.

---

[3] These entries include: January 11, 2016 (0.40 hrs) "Open client file", January 27, 2017 (0.20 hrs) "Processed payment invoice from Record Trak – Mercy Urgent Care"; and March 30, 2017 (0.20 hrs) "Sent check and invoice to CIOX for records from Mercy Family Practice.

[4] This amount consists of 0.4 hours at $275 per hour and 0.40 at the reduced rate of $125 per hour.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>18,516.33</u>[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amy A. Senerth.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.